STATE OF WISCONSIN
NOTICE OF INJURY AND CLAIM
Pursuant to Section 893.82, W.S.A.

2009 OCT 27 AM 9: 36

| Claimant's Name, Address and Phone: | Time and Date of Occurrence: |
|---|---|
| Sergey V. Andreyev<br>502712<br>Oshkosh Correctional Institution<br>P.O. Box 3310<br>Oshkosh, WI 54903-3310 | December 31, 2005 – April 13-14, 2006 |
| | **Location:** Columbia County Jail |

09 C 651 -X

**HERE COMES** Sergey V. Andreyev, the Claimant, *pro se*, in the above-captioned matter and brings this civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of right secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §1331 and 1343 (a)(3). The Claimant seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202.

VENUE.

The United States District Court for the Western District of Wisconsin is an appropriate venue under 28 U.S.C. §1391 (b)(2) because it is where the events giving rise to this claim occurred.

CLAIMANTS.

Claimant, Sergey V. Andreyev, *pro se*, was at all times mentioned herein a detainee of the State of Wisconsin in custody of the Columbia County Jail. He is currently confined in the Oshkosh Correctional Institution.

DEFENDANTS.

Defendant, John Doe, Warden of the Columbia County Jail. He is legally responsible for the operation of the Columbia County Jail and for the welfare of all the inmates of that Jail.
Defendant, James Doe, 2nd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.
Defendant, Jack Doe, 2nd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.
Defendant, Jane Doe, 2nd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.
Defendant, Jeremiah Doe, 2nd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.
Defendant, Jill Doe, 2nd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.

Defendant, Jock Doe, 2nd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.

Defendant, Jasper Doe, 3rd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.

Defendant, Jared Doe, 3rd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.

Defendant, Justin Doe, 3rd shift Sergeant, who, at all times mentioned in this complaint, held the rank of a Sergeant and was assigned to the Columbia County Jail.

Defendant, Joseph Doe, 3rd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.

Defendant, Judy Doe, 3rd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.

Defendant, Jacob Doe, 3rd shift Jailer, who, at all times mentioned in this complaint, held the rank of a Corporal and was assigned to the Columbia County Jail.

Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## SPECIFIC ALLEGATIONS.

From December 31, 2005 to October 24, 2006, the Claimant was a detainee in the Columbia County Jail, in Portage, Wisconsin.

From December 31, 2005 to March 13 or 14, 2006, despite his numerous requests, the Claimant was consistently denied the use of dental care items, namely, a toothpaste and a toothbrush. The use of there items was necessitated by the Claimant's serious medical condition which, if left unattended, leads to a more severe gum bleeding, toothache, deterioration of teeth.

The Claimant's verbal requests for the dental care items were routinely forwarded to the 2nd shift (7 a.m. – 3 p.m.) and 3rd shift (3 p.m. – 11 p.m.) Jailers responsible for the solitary cells on the first floor of the Columbia County Jail. The routine response by the Jailers was a denial of both dental care items.

The same verbal requests were routinely forwarded to the 2nd and 3rd shift Sergeants who attended to the cells, instead of the Jailers. The response routinely given to the Claimant by the Sergeants was a denial of both dental care items.

At all times mentioned, the Sergeants and the Jailers acted under the color of state law.

The facts stated above establish not only a pattern of violation of the Claimant's Constitutional rights, but also presents a custom created by the supervisors that allowed the illegal acts. It is also clear that the Sergeants were not only *grossly negligent* in managing their subordinates, they also failed to do anything to fix this situation, by directly participating in it.

This deliberate indifference to the Claimant's medical needs probably resulted from the Columbia County Jail personnel's inadequate training in pre-trial detainees' dental care. In *City of Canton vs. Harris*, the Court held that a 'deliberate indifference' standard would govern any failure to provide adequate medical attention as a result of inadequate training of officials. *See City of Canton vs. Harris*, 489 U.S. 378 (1989). This kind of training is within the scope of

responsibilities of the Warden and, thus, his apparent failure to ensure a proper training of the Jail officials establishes the grounds for a 'deliberate indifference' claim against him.
   At all times mentioned, the Warden acted under the color of state law.

*The denial by the Sergeants and the Jailers of the dental care items to the Claimant resulted in an injury – <u>**a complete loss of the Claimant's teeth**</u>.*

   In *Board vs. Farnham*, the court ruled that "dental care is one of the most important medical needs of inmates." See *Wynn vs. Southward*, 251 F.3d 588 at 593 (quoting *Ramos vs. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). In addition, a number of courts have also held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objective serious medical need." See *Field vs. Gander*, 734 F.2d 1313, 1314-1315 (8th Cir. 1984); see also *Penrod vs. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (recession or bleeding of the gums); *Boyd vs. Knox*, 47 F.3d 966, 969 (8th Cir. 1998) (deterioration of teeth due to lack of treatment). For example, in *Penrod vs. Zavaras*, the United States Court of Appeals for the Tenth Circuit held that, for summary judgment purposes, *the deprivation of toothpaste resulting in bleeding gums and tooth decay* could constitute serious harm under the Eighth Amendment. *Penrod*, 94 F.3d at 1406 (emphasis added).

   In *Romanelli vs. Suliene*, 2007 U.S. Dist. LEXIS 18472, the court ruled that 'A serious medical need' may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson vs. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. *Id*. A medical need may be serious if 'significantly affects an individual's daily activities," *Chance vs. Armstrong*, 143 F.3d 698, 702 (2nd Cir. 1998), if it causes pain, *Cooper vs. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996), or if otherwise subjects the detainee to a substantial risk of serious harm, *Farmer vs. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1984).

## LEGAL CLAIMS.

   The Claimant re-alleges and incorporates by reference the mentioned above.
   The deliberate indifference to serious medical needs violated the Claimant's rights and constituted violation under the Eighth Amendment to the United States Constitution.
   The Claimant has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Claimant has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the declaratory relief that the Claimant seeks.

## PRAYER FOR RELIEF.

   **WHEREFORE**, the Claimant respectfully prays for that this court enter judgment granting the Claimant:

1. A declaration that the acts and omissions described herein violated the Claimant's rights under the Constitution and laws of the United States.

- 4 -

2. This court's Order ordering the Defendants to arrange all and any provisions and details, and cover all and any expenses, related to the Claimant's dental surgery that shall provide the Claimant with a set of individual implants.

3. Compensatory damages in the amount this court deems just, proper and equitable against each defendant, jointly and severally.

4. Punitive damages in the amount this court deems just, proper and equitable against each defendant, jointly and severally.

5. A jury trial on all issues triable by jury.

6. The Claimant's costs in this suit.

7. Any additional relief this court deems just, proper and equitable.

---

I hereby certify that all statements contained herein are true and that the injury, damage or death actually occurred.

Date: October 21, 2009

Sergey V. Andreyev,
Claimant, *pro se*
502712
Oshkosh Correctional Institution
P.O. Box 3310
Oshkosh, WI 54903-3310

CC: Attorney General
114 East, State Capitol,
P.O. Box 7857
Madison, WI 53707-7857