IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SERGEY V. ANDREYEV,

        Plaintiff,

v.                                                                  Case No. 09-CV-651

DENNIS E. RICHARDS, Sheriff of Columbia County
JOHN DOE, Warden of Columbia County jail,
JAMES DOE, 2nd Shift Sergeant,
JACK DOE, 2nd Shift Sergeant,
JANE DOE, 2nd Shift Sergeant,
JEREMIAH DOE, 2nd Shift Jailer,
JILL DOE, 2nd Shift Jailer,
JOCK DOE, 2nd Shift Jailer,
JASPER DOE, 3rd Shift Sergeant,
JARED DOE, 3rd Shift Sergeant,
JUSTIN DOE, 3rd Shift Sergeant,
JOSEPH DOE, 3rd Shift Jailer,
JUDY DOE, 3rd Shift Jailer and
JACOB DOE, 3rd Shift Jailer,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PRODUCE RELEASE AND STRIKE OUT

      Sergey Andreyev ("Plaintiff") seeks an Order striking the only request for admission contained in Defendants' First Set of Interrogatories, Request for Admission, and Request for Production of Documents. Without citing any applicable state or federal law, Plaintiff seeks leave of the Court to amend his Complaint and assert a claim for the unauthorized release of his medical records. He also asks the Court to seal his medical records. Plaintiff's requests should be denied. Furthermore, Plaintiff should be ordered to promptly respond to Defendants' outstanding discovery by April 28, 2010.

Plaintiff is a *pro se* prisoner litigant who brought this Section 1983 action in federal court against the Columbia County sheriff and numerous unnamed Columbia County sergeants and jailers. Plaintiff claims that while he was a pretrial detainee at Columbia County Jail between December 31, 2005, and March 13-14, 2006, numerous sergeants and jailers denied him use of dental hygiene items, including a toothbrush and toothpaste. Plaintiff alleges that the use of these items was necessitated by a serious medical condition that, if left untreated, leads to severe gum bleeding, toothaches, and tooth decay. The denial of these dental care items allegedly resulted in the complete loss of Plaintiff's teeth. Plaintiff claims that the Columbia County sergeants' and jailers' deliberate indifference to his serious medical need for dental hygiene items constituted a violation of the Eighth Amendment. He seeks a declaration that the Columbia County officials violated his constitutional rights. He also seeks a set of dental implants, along with compensatory and punitive damages.

Based on the above allegations, the District Court for the Western District of Wisconsin dismissed Plaintiff's claims against the Columbia County sheriff. For the limited purpose of identifying the unnamed defendants, however, the Court named Sheriff Dennis Richards in this lawsuit. The Court granted Plaintiff leave to proceed on his claim that Columbia County sergeants and jailers were deliberately indifferent to his current and future dental and medical needs when they allegedly refused to provide him with dental care items.

Following the Preliminary Pretrial Scheduling Conference, Defendants served Plaintiff with Defendants' First Set of Written Interrogatories, Request for Admission, and Request for Production of Documents on March 26, 2010. These written discovery requests consisted of one request for admission, eleven interrogatories, and twelve document requests. Attached as Exhibit 1 to the written discovery requests was a complete copy of Plaintiff's Columbia County Jail medical records.

2

The purpose of these written discovery requests was to identify witnesses, sources of information, and documents that address Plaintiff's liability and damages claims against Defendants.

The Court should deny Plaintiff's motion to strike the request to admit (i.e., which requires him to admit or deny that Exhibit 1 represents a complete copy of his Columbia County Jail medical records), to amend his complaint and assert a claim based on the release of his medical records, and to seal his medical records. Plaintiff obviously put his medical condition into controversy when he filed this lawsuit. His jail medical records are in the possession, custody, and control of Columbia County Jail. Axley Brynelson, LLP was retained as counsel for Columbia County in this lawsuit and, as such, serve as agents of the County. As its agents, Axley Brynelson, LLP attorneys working on this matter are entitled to review Plaintiff's Columbia County Jail medical records. Because Plaintiff put his medical condition in controversy, Defendants dispute that the records are privileged. Defendants further dispute that any state or federal law[1] has been violated by producing a copy of Plaintiff's Columbia County Jail medical records to him only. Plaintiff's Columbia County Jail medical records were not filed with the Court or distributed to others. They do not need to be filed under seal at this time.

Defendants respectfully request that the Court deny Plaintiff's motion to strike the only request for admission contained in Defendants' first set of written discovery to Plaintiff, to amend Plaintiff's complaint to assert a claim based on the release of his medical records, or to seal his medical records. Defendants seek an Order requiring Plaintiff to timely serve Defendants with complete responses to Defendants' First Set of Interrogatories, Request For Production of

---

[1] Plaintiff's failure to cite to any particular state or federal law in support of his assertion that production of his medical records resulted in a law violation makes it difficult, if not impossible, to

3

Documents and Request for Admissions by April 28, 2010.

    Dated this 16th day of April, 2010.

                                AXLEY BRYNELSON, LLP

                                /s/ Michael J. Modl
                                Michael J. Modl
                                Jodi S. Yin
                                Attorney for Defendants
                                2 E. Mifflin St., Ste. 200 (53703)
                                P.O. Box 1767
                                Madison, WI  53701-1767
                                Tel:  608-257-5661
                                Fax:  608-257-5444
                                mmodl@axley.com
                                jyin@axley.com

F:\EAFDATA\2961\64978\00685102.DOC

---

respond to his assertions.  Defendants request that Plaintiff's motion to amend his complaint to include a claim to this effect be denied.