IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SERGEY V. ANDREYEV,

                Plaintiff,

  v.                                              ORDER

DENNIS E. RICHARDS, *et al.*,              09-cv-651-slc

                Defendants.

---

      Plaintiff is proceeding on his claim that defendants were deliberately indifferent to his serious dental needs. Now before the court are plaintiff's "Motion to Show Relevancy, Strike Out and Modify, and For Extension of Time" (Dkt. 27) and "Motion to Produce Release and Strike Out". (Dkt. 28) Defendants have responded to both motions. (Dkts. 33 and 34) Instead of answering defendants' discovery requests and providing his objections, plaintiff has filed motions which are actually requests for protective orders allowing him not to answer defendants' First Set of Interrogatories, Request for Production of Documents, and Request for Admissions served on him on March 27, 2010.

1. **Request for Admission**

      Plaintiff "Motion to Produce Release and Strike-Out" raises plaintiff's concerns about defendants' first request for admission. This admission asks him to admit whether Exhibit 1, a copy of his Columbia County Jail Medical records, represents a complete copy of his jail medical records. Plaintiff contends that this request seeks information that violates the confidentiality of his medical records. However, defendants have not released the medical records but are showing them only to plaintiff for his verification. Defendants are entitled to do this, so I will require plaintiff to respond to this request for admission.

In addition, plaintiff requests that these records be sealed.  This is not necessary at this time because the records have not been filed in the court.  Further, to the extent plaintiff believes that defendants have violated his rights by showing his own medical records to him, he would need to raise his claim in another lawsuit rather than amending this action.

2.  **Interrogatories**

In his first motion, plaintiff seeks a protective order to prevent him from answering interrogatories 2-12 because they are overly broad, burdensome and go beyond the scope of his lawsuit.  Interrogatory **1** requests the date and place of any and all marriages and the names of his past or present spouses.  Defendants state that this interrogatory seeks the identification of potential witnesses who may have information about plaintiff's dental health and credibility.  Interrogatory **3** seeks information about all the schools he has attended since first grade.  Defendants state that this interrogatory seeks information that will provide insight in to plaintiff's ability to understand the legal issues in this case.  Interrogatory **4** seeks plaintiff's employment history for the past 10 years.  Defendants state that this interrogatory seeks relevant background information.  Interrogatory 5 seeks information about plaintiff's arrest record.  Defendants state that this information might be admissible if he communicates to law enforcement about dental issues.  I am not persuaded that these interrogatories genuinely seek information likely to lead to the production of admissible evidence in this case.  Therefore, I will not require plaintiff to answer Interrogatories **1**, **3** or **4**.

Interrogatory **6** seeks plaintiff's conviction record. This interrogatory seeks information likely to lead to the production of admissible evidence regarding plaintiff's credibility, pursuant to F. R. Ev. 609. Plaintiff must answer Interrogatory **6**.

Interrogatory **7** asks plaintiff for information concerning past lawsuits,. Because this information may lead to the discovery of information related to plaintiff's present claims and his credibility, plaintiff must answer Interrogatory **7**.

Interrogatories **8** and **9** both seek information seek information that concern this case. Plaintiff must answer Interrogatories **8** and **9**.

Interrogatory **11** seeks the names of plaintiff's health care providers for the past fifteen years. Defendants state that this information is necessary to begin to determine whether defendant's own actions impacted his alleged loss of teeth. This is fair game for pretrial discovery. Plaintiff must answer Interrogatory **11**.

Interrogatory **12** asks plaintiff to state every fact that supports a denial of his Request for Admission 1. Plaintiff must answer Interrogatory **12** if he denies RFA 1.

### 3. Requests for Production of Documents

Plaintiff objects to the requests for production of documents as duplicative, burdensome and beyond the scope of the lawsuit. Defendants respond that they are seeking documents which plaintiff contends supports his claim; authorizations for release of employment and dental records; financial information relating to potential wage loss claim; complaints, jail rules and other documents that plaintiff has in his possession related to this matter; and any documents he relied on in responding to interrogatories. Because the actual requests are not part of the

record, it is difficult to determine if plaintiff has valid objections. Therefore, I will require plaintiff to respond to the requests for production of documents stating any continuing objections.

Finally, plaintiff request an extension of time to answer defendant's discovery requests. I will grant plaintiff a short extension to answer the discovery requests until May 7, 2010.

### ORDER

IT IS ORDERED that:

1. Plaintiff's motion for a protective order, dkt. 27, is GRANTED IN PART: plaintiff need not answer Interrogatories 2, 3 4 or 5.

2. Plaintiff's motion is DENIED IN REMAINING PART: plaintiff must provide adequate responses to Interrogatories 6-12 and the requests for production of documents.

3. Plaintiff's motion for a protective order concerning defendant's request for admission, dkt. 28, is DENIED; plaintiff shall deny or admit the request for admission .

4. Plaintiff's motions to amend his complaint and seal his medical records are DENIED.

5. Plaintiff's motion for an extension of time to respond to defendants' discovery requests as provided herein is GRANTED until May 5, 2010.

Entered this 23rd day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge